NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARSHA N. JONES,<br><br>        Plaintiff,<br><br>v.<br><br>MELANIE SHANDROFF and MARK SHANDROFF,<br><br>        Defendants. | Civil Action No.: 23-23295<br><br>OPINION & ORDER |

**CECCHI, District Judge.**

This matter comes before the Court on the Order to Show Cause issued by the Honorable Leda Dunn Wettre (ECF No. 23) why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff Tarsha N. Jones ("Plaintiff") filed responses to the Order to Show Cause (ECF Nos. 24, 26), as did defendants Melanie Shandroff and Mark Shandroff ("Defendants") (ECF Nos. 25, 27). Judge Wettre subsequently issued a Report and Recommendation (ECF No. 29, "R&R) recommending this Court dismiss Plaintiff's sole federal claim and decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Plaintiff filed an objection to the report (ECF No. 30), to which Defendants responded (ECF No. 31). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court adopts Judge Wettre's R&R and dismisses the case.

**I. BACKGROUND**

 **A.  Factual History**[1]

---

[1] For the purposes of this motion to dismiss, the Court accepts the factual allegations in the FAC as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

1

In July 2014, Plaintiff rented an apartment from Defendants, who are landlords in New Jersey.  ECF No. 1 ¶¶ 5, 7.  Plaintiff vacated the apartment in July 2023, at which time Plaintiff asserts Defendants began seeking "fabricated damages and replacement costs exceeding normal wear and tear" in the sum of $20,000.  *Id.* ¶¶ 8, 11.  Seeking to collect this amount, Defendants allegedly contacted Plaintiff's employer multiple times and threatened further contacts.  *Id.* ¶¶ 9-10.  Plaintiff claims that in so acting, Defendants behaved "willfully, maliciously, recklessly, wantonly, and with complete disregard for the mandates of applicable law."  *Id.* ¶ 12.  As a result, Plaintiff states that she has suffered reputational injury that is affecting her "high-profile career in broadcasting and music," although she has not suffered a direct loss of income.  *Id.* ¶ 18.

**B.  Procedural Background**

Plaintiff filed a complaint in this court on December 21, 2023, asserting state law claims under the NJ Security Deposit Act, N.J.S.A. §§ 46:8-19, *et seq*., and the "NJFDCPA",[2] as well as a federal claim under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, *et seq*.  ECF No. 1.  Defendants responded by filing a motion to change venue and a motion to dismiss on January 26, 2024 (ECF No. 6),[3] which Plaintiff opposed (ECF Nos. 7-8).  On June 23, 2024, Judge Wettre issued an Order to Show Cause why Plaintiff's case should not be dismissed for lack of subject matter jurisdiction.  ECF No. 23.  Following responses from both parties, Judge Wettre issued an R&R on August 9, 2024, which recommended that the Court dismiss Plaintiff's federal claim under the FDCPA and decline to exercise supplemental jurisdiction over the remaining state

---

[2]  The Court construes this to refer to the New Jersey Fair Debt Collection Practices Act, N.J.S.A. §§ 45:18-1 – 18-6.1, which appears to address bond requirements for New Jersey collection agencies.

[3]  Defendants sought to change venue to the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, where they were already maintaining a proceeding against Plaintiff for her alleged damages to the apartment.  ECF No. 6.  On April 5, 2024, the Honorable Linda Grasso Jones, J.S.C. entered judgment in that action in favor of Defendants in the amount of $16,260.93 plus costs.  ECF No. 16; *see Shandroff et al. v. Jones*, No. MON-DC-009139-23.

law claims.[4]  R&R at 5.  Plaintiff timely filed objections to the R&R on August 20, 2025.  ECF No. 30.

## II.  STANDARD OF REVIEW

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3).  The Court has reviewed the record in this matter and determines that Plaintiff's case should be dismissed for lack of subject matter jurisdiction.

## III.  DISCUSSION

### A.  Sufficiency of Plaintiff's FDCPA Pleading

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party.  *Phillips*, 515 F.3d at 234.  Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Iqbal*, 556 U.S. at 678 (citations omitted).

The primary substantive dispute at this stage of the litigation is whether Defendants qualify as "debt collectors" for purposes of the FDCPA such that a claim against them may survive

---

[4]  Judge Wettre also noted that the Court did not appear to have diversity jurisdiction under 28 U.S.C. § 1332(a), and that Plaintiff did not attempt to establish such jurisdiction.  R&R at 2.  Plaintiff does not dispute this conclusion in her objections to the R&R and, in fact, includes a proposed amended complaint in which every party is a citizen and resident of New Jersey and no threshold jurisdictional amount in controversy is asserted.  ECF No. 30 at 6.

dismissal under Rule 12(b)(6). To state a claim under the FDCPA, a plaintiff must show that "(1) she is a consumer, (2) *the defendant is a debt collector*, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the FDCPA defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 265 (3d Cir. 2019) (emphasis added) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). To establish that a defendant is a "debt collector," a plaintiff must show that either (a) the "principal purpose" of the defendant's business "is the collection of any debts" or (b) the defendant "regularly collects or attempts to collect" debts that are "owed or due another." *Id.* (quoting 15 U.S.C. § 1692a(6)). Thus, there are two avenues for a plaintiff to establish that a defendant is a "debt collector" under the FDCPA and thereby a proper target for a claim under the statute: debt collection is the "principal purpose" of their business, or they regularly seek to collect debts "owed or due another." *See* 15 U.S.C. § 1692a(6).

As Judge Wettre concluded in the R&R, Plaintiff supplies no allegations suggesting that Defendants are either in the business of collecting debts or regularly collect debts owed to another, and thus Plaintiff cannot maintain a claim against Defendants because they are not "debt collectors" under the FDCPA. According to the complaint—which is construed liberally because Plaintiff is proceeding *pro se*—Defendants are residential landlords who are seeking to collect sums that Defendants claim are *owed to them*. ECF No. 1 ¶¶ 5, 8-11. Indeed, Plaintiff repeats in her response to the Order to Show Cause that Defendants "are landlords attempting to collect an alleged debt *owed to themselves*." ECF No. 25 at 1 (emphasis added). As case law makes clear, landlords seeking to collect sums that are allegedly owed to *them* by tenants do not qualify as "debt collectors" under either definition provided by the FDCPA. *See, e.g.*, *Ojo v. Milrose 179 Harrison, LLC*, No. 20-949, 2021 WL 822788, at *2 (D.N.J. March 4, 2021) (dismissing an FDCPA claim

4

because "landlords, like [the defendant], seeking to collect rent (a debt) owed directly to them from tenants are creditors, not debt collectors"); *Ramirez v. Maharaj*, No. 20-4666, 2021 WL 508611, at *4 (D.N.J. Feb. 11, 2021) (holding the FDCPA is not applicable to landlord that "attempted to collect [a] judgment on her own behalf" because "she is a creditor"). Thus, Plaintiff's own repeated characterization of Defendants places them outside the purview of the FDCPA's definition of "debt collectors" and renders the claim against them infirm and subject to dismissal pursuant to Rule 12(b)(6).

Plaintiff objects to this holding of Judge Wettre by arguing that courts have recognized an exception whereby a landlord may be deemed a "debt collector" under the FDCPA as a result of employing sufficiently egregious debt collection practices, but Plaintiff's citation for this argument is unpersuasive. Plaintiff cites *Romea v. Heiberger & Associates*, for the proposition that "case law recognizes exceptions [to landlord liability under the FDCPA] where the creditor engages in deceptive or abusive conduct going beyond typical landlord practices." ECF No. 30 at 1-2. (citing 163 F.3d 111 (2d Cir. 1998)). However, *Romea* did not create an exception under which a landlord is a "debt collector" for purposes of the FDCPA because, as Plaintiff herself has previously noted, the defendant in *Romea* was not a landlord seeking to collect on its own debts. *See* ECF No. 24 at 1-2). Rather, the defendant was a law firm seeking to collect rent *due to another*—in that case backrent owed to a client. *See Romea*, 163 F.3d at 113-14. And although the defendant law firm did contest that it was a "debt collector," it did so on grounds that its actions fit an exception under the FDCPA for a party that serves legal process, not on any argument that it was collecting a debt it was personally owed. *See id.* at 116-17. In short, Plaintiff's argument that *Romea* created an exception whereby landlords may be considered "debt collectors" under the FDCPA is unavailing.

5

The court did not create any such exception but merely applied the law to a party collecting debts *on behalf of another*, as squarely contemplated by the statutory language.

Plaintiff also objects to the recommendation of dismissal by arguing that Judge Wettre failed to consider evidence of "irreparable harm," but such evidence is not relevant to the determination of whether Plaintiff has stated a claim. ECF No. 30 at 2. Plaintiff asserts that Judge Wettre failed to consider evidence presented by Plaintiff that "document[ed] the devastating impacts" she has faced "from being improperly named in the judgment," and argues that this harm "bolsters the need for the federal FDCPA claims to proceed." *Id.* However, considerations of "irreparable harm" do not factor into either the Rule 12(b)(6) motion to dismiss standard or the requirement for stating a claim under the FDCPA, as discussed above. Moreover, the word "harm" is not found in 15 U.S.C § 1692a, the critical statutory language at issue wherein the term "debt collector" is defined. In short, Plaintiff's alleged "irreparable harm" is not relevant to the question of whether she has stated a claim under the FDCPA and thus is not a basis to depart from Judge Wettre's recommendation of dismissal.

Finally, Plaintiff objects to Judge Wettre's denial of her request to amend her complaint or seek further "jurisdictional discovery" by arguing that further factual development would allow her to provide "additional factual details" necessary to state a claim, but Plaintiff's own admissions suggest otherwise. ECF No. 30 at 4-5; *see* R&R at 4. In the Order to Show Cause, Judge Wettre noted that Plaintiff had not appeared to plead that Defendants were "debt collectors" under the FDCPA, and ordered Plaintiff to show cause as to why the claim should not be dismissed on that basis. ECF No. 23 at 3. Rather than seek to amend her pleading at that stage to offer the needed factual support, Plaintiff reiterated in her response to the order that Defendants were in fact "landlords attempting to collect an alleged debt owed to themselves," thus failing to meet either

definition of a debt collector under the statute. ECF No. 24. In light of the insufficient pleading, coupled with Plaintiff's concession in response to the Order to Show Case that Defendants' status was that of a landlord, the Court agrees with Judge Wettre that "leave to amend and discovery as to the FDCPA claim would be futile." R&R at 4.

Consequently, the Court adopts the recommendation that Plaintiff's FDCPA claim be dismissed.

### B. Exercise of Supplemental Jurisdiction

"Where [as here] a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Cnty. of Ocean v. Grewal*, 475 F. Supp. 3d 355, 386 (D.N.J. 2020) (citing 28 U.S.C. § 1367(c)(3)). "In exercising this discretion, the district court should take into account generally accepted principles of judicial economy, convenience, and fairness to the litigations." *Id.* (internal citation omitted). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Plaintiff objects to the recommendation that this Court decline to exercise supplemental jurisdiction over the remaining state law claims by arguing that the claims "form part of the same core dispute," but this objection fails to address Judge Wettre's apt reasoning regarding the fact that this litigation is in its early stages. As Judge Wettre correctly noted, two considerations favor a declination to exercise supplemental jurisdiction over the remaining claims: "[d]iscovery has

7

not yet begun, and the Court has not had the opportunity to invest substantial time or effort managing this litigation." R&R at 5. Plaintiff does not appear to address these facts regarding the litigation but instead states that judicial economy favors retaining supplemental jurisdiction so that her claims may proceed "in one action rather than requiring piecemeal litigation in multiple courts." ECF No. 30 at 3. However, Plaintiff's assertion misses the mark: insofar as her federal claim is dismissed and supplemental jurisdiction denied, the entire action will ably proceed in the state court, not "multiple courts," as she states. Thus, Plaintiff's argument for retaining supplemental jurisdiction is unavailing because it does not address relevant considerations mentioned by Judge Wettre such as this litigation being in its early stages. And, in any event, Plaintiff's contention is based on the factually incorrect premise that this action will proceed in multiple courts if dismissed by this Court.

Consequently, the Court adopts Judge Wettre's recommendation that it decline to exercise supplemental jurisdiction over the remaining state law claims.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's FDCPA claim is dismissed and this Court declines to exercise supplemental jurisdiction over her remaining state law claims. As such, Plaintiff's case is dismissed.

Accordingly, **IT IS** on this 20th day of September, 2024,

**ORDERED** that this Court adopts Judge Wettre's August 9, 2024 Report and Recommendation (ECF No. 29, "R&R"); and is further

**ORDERED** that Plaintiff's FDCPA claim is dismissed; and it is further

**ORDERED** that this court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims; and it is further

**ORDERED** that Plaintiff's case is dismissed for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED.**

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**